### The Atlantic and St. Lawrence Railroad Company *versus* The Cumberland County Commissioners.

There is no provision of law, by which the Atlantic and St. Lawrence Rail Road Company, can be compelled, by an order of the County Commissioners, to pay for the "services of the commissioners and for their expenses, incurred while they were employed on petitions presented by the company to have the damages assessed, sustained by persons, by the location of that rail road over their lands.

This case came before the Court, upon the facts stated in a petition for a *certiorari* to the county commissioners, of which the following is a copy: —

"To the Hon. Justices of the Supreme Judicial Court, next to be holden at Portland, within and for the County of Cumberland, on the Tuesday next but one preceding the last Tuesday of April, A. D. 1848: —.

"The petition of the President, Directors and Company of the Atlantic and St. Lawrence Rail Road Company, respectfully represents, that on divers days and times in the years 1846 and 1847, your petitioners made application to the County Commissioners for said county of Cumberland, under and by virtue of the first section of the act to establish the Atlantic and St. Lawrence Rail Road Company, to establish and determine the damages sustained by divers individuals by the location of

said rail road over their land in said county, and that said commissioners in compliance with said application, did on divers days and times in said years 1846 and 1847, proceed to examine said lands and to ascertain said damages and made report thereof, in which report final adjudication has been made and the damages so ascertained have been paid by said company in all cases, whether said reports were accepted without appeal, or whether on the petition of any of such individuals said damages were ascertained by a jury, or a committee, according to the provisions of law, in which last mentioned cases all costs recovered against said company have also been paid by said company.

"Your petitioners would further represent, that in none of the cases where the damages aforesaid were ascertained and established by said county commissioners, was the said company ordered or adjudged by the said county commissioners to pay the costs and expenses of the said commissioners for their services, travel or other expenses in ascertaining and establishing the damages aforesaid.

"Your petitioners would further represent, that at a court of county commissioners holden on the 4th day of January last, being an adjournment of the last December term of said court, an order was passed by said court, and made a part of the records thereof, in the words and figures following, viz: —

## "STATE OF MAINE.

"CUMBERLAND, ss. — At the court of county commissioners, begun and holden at Portland, within and for the county of Cumberland, on the 4th day of January, 1848, being an adjournment from December term, 1847, it was ordered, that the Atlantic and St. Lawrence Rail Road Company pay into the County Treasury of the county of Cumberland the sum of six hundred sixty-eight dollars and sixty-two cents, being the amount of costs and expenses of the board of county commissioners, officers, jurors and committees for estimating the damages on lands over which the road of said company passes, and for other costs and expenses, and also for the

amount of the bill of the clerk of the judicial courts, against said company, which costs and expenses have been examined and allowed and ordered to be paid out of the County Treasury of said county. And that the Clerk of this court cause a copy of this order to be served upon the Treasurer of said company."

" And your petitioners further represent, that in the sum of six hundred sixty-eight dollars and sixty-two cents, named in said order, are included large, sums of money allowed to Lemuel Rich, 3d, Richard Greenleaf, Daniel Merrill, and Daniel M. Cook, for their services and expenses, in ascertaining and establishing the damages aforesaid in compliance with the applications, so as aforesaid by said company made, and the particular items and amount of which will appear by the schedule hereunto annexed, and all which make a part of the records of said court of county commissioners.

" And your petitioners say, that said records and order are erroneous and illegal in this, that said commissioners have no right to make their services and expenses in ascertaining and establishing damages aforesaid, a charge upon said company, or to order that said company pay the same into the Treasury of said county of Cumberland.

" Whereupon your petitioners pray this Hon. Court to issue their writ, ordering the said court of county commissioners to certify their records aforesaid, relating to the damages so as aforesaid ascertained and established, and the amount allowed said Rich, Greenleaf, Merrill and Cook for their services and expenses in ascertaining and establishing such damages, and their order aforesaid, directing said company to pay the same, for the inspection of this Court, and that the order aforesaid, or so much thereof as relates to the services and expenses of said commissioners aforesaid, be quashed.

" By WILLIS & FESSENDEN, their Attorneys."

*Swasey*, county attorney, for the respondents.

The respondents contend that the writ should not be granted; because, they say —

1st. That there is no *substantial* error in their proceedings ; and if there be any error, it is merely in the form of their proceedings.

2d. The question as to awarding that the corporation pay such costs is one within the discretion of the commissioners. If so, no error has been committed.

By the 6th sect. chap 81, Rev. Stat. entitled, " of railroads," the commissioners are authorized upon the application of the corporation or the owner of the land, for an estimation of damages, to require the corporation to give security for the payment of all such damages and costs as shall be awarded, &c.

It is contended, that this provision extends to all costs incident to the examination and determination by the commissioners ; their own fees, as well as any other costs ; and that the commissioners, acting under the provision of the statute referred to, may well require the corporation to give security for the payment of their fees as a part of the costs. If the commissioners thus take security, the corporation would be bound to pay. If they act without the security, they may, within their discretion, award and adjudicate that the corporation pay such fees as they may tax as a compensation for their services. There is no provision of law or of the statutes, relating to the subject which restricts them.

3d. That the county commissioners, in cases of application to them to determine the damages caused by the taking of land belonging to private persons, by a railroad corporation, have a legal right, and it is their duty, to award and order that the railroad corporation pay all legal costs, including their own fees.

The owner of the land can, in no event, be charged with them. Such costs, therefore, are a legal charge, either upon the corporation or upon the county. If they cannot be legally charged, by the commissioners, to the county, they are a proper charge upon the corporation. It is contended that the commissioners have no right or power to charge the county with

their fees for such service. They are not paid by a salary, for their official services, but in a manner somewhat peculiar.

Rev. Stat. chap. 99, sect. 13. " The compensation of each commissioner shall be two dollars and fifty cents a day, &c., actually employed in the service of the county." And each commissioner shall keep an accurate account, specifying the kind of service, &c., which shall be audited by the county attorney and clerk. They cannot therefore legally charge to and be paid by the county for any services excepting as the statute has authorized. The commissioners are not employed in the service of the county, when they act upon applications such as have been referred to. A railroad is not a public highway. It is the property of the corporation. It is not a county road. The county is not liable to the owner of the land for the damages awarded ; they are to be paid by the corporation. The county should not be made liable for costs, by virtue of a charge against the county, by the commissioners for their fees.

If it be said that the county commissioners constitute a tribunal to which the petitioners may apply for specified purposes, without subjecting themselves to liability to pay the commissioners their fees for official services ; the reply is, that for every day the commissioners may be employed in the service above referred to, they have the right to charge a given sum, either to the county, or such a sum, as may compensate them, to the company. It is believed they cannot charge the county. And further, that they do not in the case alluded to, act by virtue of their office, but by virtue of a special designation by the statute ; and again, that there are other cases where the services of county commissioners are brought into requisition by virtue of statute regulations and provisions, for which services the county is not to be taxed. Rev. Stat. chap. 25, § 32, 33, 34. In certain cases, they are authorized and required to lay out town ways. — To discontinue town ways. — To approve of town ways, &c.

For services rendered by commissioners for either of these

purposes, they cannot legally claim of the county. They are not services rendered for the county. And the practice has been for the commissioners to order their fees, in such cases, to be paid by the town or by the individuals who applied, according to the result of the case.

This practice has been acquiesced in as a legal and proper one. The Court will pardon me for referring to the fact, that the proceedings of the county commissioners here complained of as being erroneous are, as I believe, in conformity to what has been the practice in Massachusetts; and with what has heretofore been the practice in this State, in the counties of York and Cumberland.

*W. P. Fessenden,* for the petitioners.

In answer to the foregoing, the counsel for the petitioners would observe, that the 6th sect. of chap. 81, manifestly refers only to the damages and costs of the party, where land is taken. If the company applies to the commissioners to estimate damages, how can the owner of the land require the company to give him security for costs with which he has no concern ?

As to the 13th sect. of chap. 99, it is replied, that the commissioners are in the service of the county, when they are performing the duty imposed on them as county commissioners.

But it is further replied, that if the commissioners are entitled to be paid for such services, by the company, they have no right to charge it to the county, take their pay out of the county treasury, and then order the company to pay the amount into the county treasury. They cannot fix the amount of their own compensation, and fix it by judicial decision, order a third party to pay it, and then order the company to pay that third party.

If they act merely because they, as individuals, are specially designated, then, as the law fixes no rate of pay, they must receive a *quantum meruit,* like any body else. They cannot first act as individuals, and then, as a court, judicially decide their pay.

The statute gives them, nowhere, the power to fix their pay

as a court of county commissioners; and we object, that their attempt to do so is extra-judicial.

The opinion of the Court was drawn up by

SHEPLEY J. — The question presented for consideration is, whether the railroad company can be compelled by an order made by the county commissioners, to pay for the services of the commissioners and for their expenses, incurred while they were employed on petitions presented by the company, to have the damages assessed, sustained by persons, by the location of the railroad over their lands.

The statute c. 99, § 13, provides, that "the compensation of each county commissioner shall be two dollars and fifty cents a day, and in that proportion for any part of a day actually employed in the service of the county." They are authorized and required by that statute to perform many duties for the county. They are also authorized to perform many duties not particularly beneficial to the county. In some of those cases, provision is made for the payment of their services by those who are especially benefitted by them, and in other cases no such provision appears to have been made.

They are authorized to lay out and alter town and private ways, when the selectmen of towns have unreasonably refused or neglected to do so. In such cases the costs of the proceeding, which would include compensation for their services, are to be paid by the persons for whose benefit private ways are laid out or altered, and by the towns, when town ways are laid out or altered. c. 25, § 32.

When such ways have been laid out or altered by the selectmen, and towns have unreasonably refused or delayed to approve the same, the county commissioners are authorized to approve them, and to direct the proceedings to be recorded by the town clerk. But no special provision is made for the payment of their services. c. 25, § 34.

They are also authorized to discontinue town and private ways, when any person is aggreived by the refusal of a town to

discontinue them ; and no special provision is made for the payment of their services.   c. 25, § 33.

They are required to perform certain duties on applications made by individuals for the assessment of damages sustained by them, by the laying out, alteration, or discontinuance, of town and private ways ; and there is no special provision made for the payment of such services.   c. 25, § 36.

They are required to cause town and private ways accepted by them to be opened, when the towns have neglected to open them ; and there is no special provision made for the payment of their services.   c. 25, § 40.

They are authorized to ascertain and determine the damages to be paid by railroad corporations for any real estate taken by them under the same conditions and limitations, as are by law provided in case of damages for laying out highways.   c. 81, § 3.

A like provision exists in the first section of the charter of the corporation, which has presented this petition.   But in neither of those enactments is there any special provision made for the payment of the services of the commissioners.   And yet those services are not performed for the particular benefit of the county.

If requested by the owners of real estate taken by railroad corporations, the commissioners are authorized to require those corporations to give security for the payment of all such damages and costs, as shall be awarded for the real estate so taken, whether the application for the assessment of the damages be made by the corporation or by the owner of the land.   c. 81, § 6.   In behalf of the respondents it is contended, that the amount to be taxed for the services of the commissioners would be included in the costs to be thus secured.   The owner of the estate taken surely could not be liable to pay for the services of the commissioners in those cases, in which the application was made by the corporation, and yet in such cases they are authorized to require security to be made for the payment of the damages and costs.   Those damages and costs are such only as are awarded to the owner of the estate, and can include

the amount to be paid for the services of the commissioners only, when the owner of the estate is liable to pay them. There is no provision, that he shall be liable to pay them even, when the application is made by him.

The result of an examination of the several statute provisions is, that there are indications of a purpose or design, that the commissioners should be paid by the county, while employed in business, in which the county has a particular interest; and that they should be paid by towns, corporations, or individuals when employed in business, in which such towns, corporations, or individuals, had a particular interest, and in which the county had no such interest. But there are no statute provisions suited to carry into effect in certain cases the design thus indicated. And among them is the case of services rendered for railroad corporations to estimate the damages to be paid by them for real estate taken for their use. As the county commissioners cannot exercise any power not conferred upon them by statute, they cannot compel payment for their services performed for the benefit of railroad corporations, unless some statute provision is found authorizing them to do so. It may be highly probable, if not clearly perceived, that the Legislature would have conferred the authority to do so, if the defective provisions of the statutes had been noticed and considered.

While judicial tribunals should so interpret legislative enactments as to cause the intention of the Legislature to be carried into effect, if it be possible, they are not authorized to supply obvious defects, when by their supply alone power would be granted to enable those entrusted with the exercise of it, to carry into effect the purposes contemplated by the general course of legislation.

*The writ prayed for is granted.*